UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 22-cr-0264 |
| VERSUS | : | JUDGE JAMES D. CAIN, JR. |
| MICHAEL CRAIG SINGLETON, JR. | : | MAGISTRATE JUDGE KAY |

**MEMORANDUM RULING AND ORDER**

At an Initial Appearance held in this matter following defendant's arrest on a warrant issued in connection with a criminal complaint, the government made an oral Motion for Detention pursuant to 18 U.S.C. § 3142(f)(1). Doc. 10. Defendant also requested a preliminary examination. *Id.* At the hearing on the motions, we determined that probable cause existed to believe defendant committed the crimes with which he was charged in the complaint, and we took the issue of detention under advisement. Doc. 15. Since the hearing, defendant was indicted by a grand jury sitting in the Western District of Louisiana. Doc. 17.

After consideration of the evidence presented at the hearing and subsequent thereto, and for reasons set forth below, we conclude that the defendant must be detained pending trial as defendant has not introduced sufficient evidence to rebut the presumption that no condition or combination of conditions will reasonably assure the safety of the community. Accordingly, the government's motion is **GRANTED**.

In the original complaint, defendant was charged with Possession with Intent to Distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), a crime for which, if he is found guilty, he would be

sentenced to a term of imprisonment of not less than five (5) nor more than forty (40) years.  Doc. 1.  Defendant was also charged with using or carrying a firearm during commission of a drug trafficking crime under 18 U.S.C. § 924(c), a crime for which, if he is found guilty, he would be sentenced to a term of imprisonment of not less than five (5) years nor more than life.  Doc. 1.  Ultimately these charges were brought as counts 2 and 3 of the indictment.  Doc. 18.  Through the indictment, defendant has now been additionally charged in count 1 with conspiracy to distribute and possess with intent to distribute cocaine under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, a crime for which, if he is found guilty, he would be sentenced to a term of imprisonment of not less than five (5) nor more than forty (40) years.

Generally a defendant awaiting trial must be released on the least restrictive condition or combination of conditions that will reasonably assure the defendant's appearance and the safety of the community.  *See* 18 U.S.C. § 3142(c)(1)(B).  A finding of lack of either reasonable assurance of appearance or safety of others or the community is sufficient; a finding of both is not required.  *See United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989).  Pursuant to 18 U.S.C. § 3142(e), however, if a court determines after hearing that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and community," the court must order detention pending trial.  As noted by a brethren court, deciding whether to detain a defendant requires a fact intensive analysis.  *United States v. Schenberger*, 498 F. Supp. 2d 738, 742 (D.N.J. 2007).

When considering detention, we are to consider the factors enumerated in 18 U.S.C. § 3142(g), namely: (1) the nature and circumstances of the offense; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed if the defendant was ordered released.

Here the government moved for detention under 18 U.S.C. § 3142(f)(1), which requires the court to determine whether any condition or combination of conditions will reasonably assure the appearance of defendant and safety of other persons and the community. Pursuant to 18 U.S.C. § 3142(e)(3)(A), there exists a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if we find probable cause to believe the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801, *et. seq.*). Such is the case here.

Once the rebuttable presumption is in place, the burden shifts to the defendant to produce countervailing evidence that forms a basis for his contention that he will appear and will not pose a threat to the community. The defendant is burdened only with producing rebutting evidence as the ultimate burden of persuasion remains with the government. *Hare*, 873 F.2d at 798. The mere production of evidence by the defendant, however, does not completely rebut the presumption of § 3142(e). *Id.* The presumption set forth in § 3142(e) is evidence to be considered along with other factors set forth in 18 U.S.C. § 3142(g). *United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990); *see also United States v. Fortna*, 769 F.2d 243, 251 (5th Cir. 1985).

If the defendant produces evidence, then the burden shifts back to the government to prove risk of flight by a preponderance of the evidence or dangerousness by clear and convincing evidence. 18 U.S.C. §§ 3142(e)–(f); *Fortna*, 769 F.2d at 250. If the government fails to carry its burden, then the court must order the defendant's pretrial release subject to the least restrictive condition or combination of conditions that we determine will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.

As we note above, we determined at the preliminary examination there existed probable cause to believe the defendant had committed the crimes set forth in the criminal complaint, which crimes now constitute counts 2 and 3 of the indictment. Insofar as defendant has now been indicted by a grand jury, we are precluded from further consideration of probable cause as to those counts as well as count 1 of the indictment. *Kaley v. United States*, 134 S.Ct. 1090, 1098, n. 6 (2014). Accordingly, a rebuttable presumption now exists that no condition or combination of conditions will reasonably assure the safety of the community or the appearance of the defendant.

In order to rebut the presumption, the defendant offered the testimony of Rebekah Jessie, his girlfriend of 18 years, and Frank Colby Singleton, defendant's brother and employer, both of whom offered to act as the third-party custodian for the defendant should he be released from custody. We find neither individual suitable to act as third-party custodians insofar as we conclude that neither was appropriately truthful with the court about important facts surrounding the defendant's work and pay and neither appeared to the court to be appropriately concerned about the severity of the charges currently pending against the defendant. Ms. Jessie was not truthful when she testified that defendant received his wages by regular paycheck. Mr. Singleton, defendant's brother and employer, stated that information was not correct but then could not adequately explain whether his company complied with federal and state laws on withholding taxes from wages and similar employer-related regulations. Further, Mr. Singleton testified that he and his older brother, defendant, were "raised to look out for each other," a laudable characteristic but not one that bodes well for him to appropriately act as a third-party custodian. Mr. Singleton also testified that his business, as owner and operator of a trucking business, compelled him to carry a weapon with him at all times. He also testified that his business has, at least on one occasion, brought him to Mexico, a country whose involvement in drug trafficking in

the United States we note without citation to any authority, although he was quick to offer, without prompting, that the defendant was uninvolved in that particular trip.

Accordingly, we conclude that the defendant has failed to rebut the presumption that no condition or combination of conditions will reasonably assure the safety of the community or the appearance of the defendant.

Even in the event we had concluded otherwise, however, we would nevertheless conclude there exists no condition or combination of conditions that will reasonably assure the safety of the community or appearance of the defendant were he to be released pending trial.

The nature and the seriousness of the charges with which the defendant has been charged is quite evident.  As indicated by the affidavit attached to the original complaint and introduced into evidence at the hearing, information bolstered by the testimony of Aaron Lemoine (who had been investigating drug activity in this area prior to and including the time of the arrest of the defendant), a consensual search of defendant's vehicle on September 30, 2022, uncovered a weapon and approximately 1 kilogram of cocaine.  Mr. Lemoine testified at the hearing that defendant had been a target of an investigation before the September 2022 stop and that defendant was believed to be a drug courier supplying drugs to South and Central Louisiana.  Defendant was considered by investigators to be at the top tier of the drug operation under investigation.  That defendant could continue in his role in the top tier of a drug operation does constitute a risk to the community (*United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992)) and we know of no condition or combination of conditions we could impose that could reasonably protect the public from that threat.  The danger to the community that would be posed by his continuing to engage in drug trafficking pending trial we will also note without citation.

And we must consider the risk he would pose to his own family, his young children who reside in the home to which he seeks release. His involvement with others in drug trafficking and his pending prosecution would pose a significant risk of danger to his family members should he be released to reside with them pending trial.

Similarly, the potential of being sentenced to life in prison if convicted of carrying a firearm during commission of a drug trafficking crime causes considerable concern that he may abscond from justice despite the ties to family to which both of his witnesses testified at the hearing.

The weight of the evidence against the defendant is considerable. He consented to the search of his vehicle that led to the discovery of a weapon and a large quantity of drugs. Mr. Lemoine testified to the results of the pre-stop investigation that led to defendant being suspected of participation in a significant drug operation and now, through indictment, defendant is charged with having conspired with others to distribute and possess with intent to distribute a sizable amount of cocaine. We note that weight of the evidence is the least important of the factors to be considered and does not allow for a pretrial determination of guilt. *United States v. Barnett*, 986 F. Supp. 385 (W.D. La. 1997) (relying on Ninth Circuit cases of *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985) and, inter alia, *United States v. Honeyman*, 470 F.2d 473, 474 (9th Cir. 1972)). Weight of the evidence would certainly bear on the potential of defendant to absent himself from our jurisdiction, particularly when considering the possibility that he could be sentenced to a term of life in prison if found guilty on the counts that are supported by the evidence uncovered as a result of the consensual search of his vehicle.

The factor bearing most heavily in favor of the defendant's pretrial release is his history and lack of any criminal convictions. It is true that defendant has no history of criminal convictions. But it is also true, according to the bond report prepared containing information as to

defendant's assets, that defendant owns real property ("rental property") in the State of Louisiana that is unencumbered and has $49,000 in his checking account despite no history of employment, a fact testified to by Mr. Lemoine following his review of state records. At the hearing, defense counsel was asked to explain this accumulation of wealth, and counsel advised it was a result of personal injury recoveries by the defendant. When asked to provide proof of those recoveries, counsel produced copies of multiple settlement statements, all seemingly prepared by the same law firm, for disbursement of varying sums in 2008, 2011, 2013, and 2016, after receipt of funds from various entities and after deduction of medical expenses and living expenses advanced to the defendant by the attorneys. Counsel also produced a photograph of what purports to be a release signed by defendant in June of 2022 in favor of an individual following payment of $30,000. There is no disbursement information provided that is similar to the multiple recoveries discussed above, causing us to question the value of that information as it relates to the issue of how this seemingly unemployed and unemployable individual procured ownership of immovable rental property in the State of Louisiana and considerable cash in his banking accounts.

      We also note that defendant only reported assets that are able to be traced, i.e., cash in an account and immovable property. Information tendered to support the supposed legitimacy of simply the cash he has on hand we find to be less than credible, an inference that leads us to question whether he has been truthful about the totality of his assets, which is a factor that would reflect poorly upon his characteristics and weigh in favor of detention. *See*, for example, *United States v. Bothra*, No. 19-1092, 2019 WL 8883547, at *2 (6th Cir. Mar. 28, 2019).

      Another factor that bears on the issue of defendant's characteristics but not favorable is his persistent substance abuse. Defendant reported to probation for his bond report that he has used marijuana since he was 17 years old, and in fact had used the day of his arrest, has been abusing the pain medication Lortab for about 5 years, and has taken Suboxone, an opioid addiction treatment, for

about 2 years. Defendant has not received any sort of counseling or treatment for his substance abuse issue.

In conclusion, we find that defendant has failed to rebut the presumption that no condition or combination of conditions will reasonably assure the safety of the community or the appearance of the defendant. Further and even in the event defendant had effectively rebutted the presumption and after consideration of the factors we are obligated to consider as set forth in 18 U.S.C. § 3142(g), there exists no condition or combination of conditions that will reasonably assure the safety of the community or appearance of the defendant were he to be released pending trial. We therefore conclude that the government's motion should be **GRANTED**. Accordingly, it is

**ORDERED T**he defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

THUS DONE AND SIGNED in Chambers this 17th day of November, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

Case 2:22-cr-00264-JDC-KK Document 25 Filed 11/17/22 Page 9 of 9 PageID #: 43

**-9-**