UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:22-CR-00264-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **MICHAEL CRAIG SINGLETON JR (01)** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING AND ORDER

Before the Court is "Defendant's Motion to Revoke the Magistrate Judge's Recommendation for Defendant's Detention Pending His Trial" (Doc. 30).

## INTRODUCTION

On October 3, 2022, the Magistrate Judge signed a Complaint accompanied by an arrest warrant for Defendant Michael Craig Singleton, Jr.[1] On October 5, 2022, Defendant made an initial appearance before the Magistrate Judge, at which time, the Government requested that Defendant be detained pending the trial of this matter. Also, during this hearing, counsel for Defendant, Alfred F. Boustany, III was enrolled as counsel for Defendant. The Magistrate Judge set a Preliminary Hearing and Detention Hearing. The Hearing was held on October 18, 2022, and the Magistrate Judge found that there was probable cause to support the charges contained in the criminal Complaint. The Magistrate Judge took the request for detention under advisement and remanded Defendant to the custody of the U.S. Marshal Service.[2]

---

[1] Doc. 1.
[2] Doc. 15.

On October 26, 2022, Defendant Michael Craig Singleton, Jr. was indicted by a grand jury with one count of conspiracy to distribute and possess with the intent to distribute cocaine, in violation of 21 U.S.C § § 841(a)(1), (b)(1)(B), and 846; one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(10, and (b)(1)(B); and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).[3] Thereafter, the Magistrate Judge issued a Memorandum Ruling and Order, which granted the Government's Motion for Detention and ordered Defendant to be remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement.[4]

## LAW AND ANALYSIS

On November 17, 2022, the Magistrate Judge issued a Ruling finding that Defendant failed to rebut the presumption that no condition or combination of conditions will reasonably assure the safety of the community or the appearance of the Defendant.[5] In addition, after considering the 18 U.S.C. § 3142(g) factors, the Magistrate Judge found that even if the Defendant had effectively rebutted the presumption, there exists no condition or combination of conditions that will reasonably assure the safety of the community or appearance of the Defendant were he to be released pending trial. Defendant appeals this decision pursuant to 18 U.S.C. § 3145(b).

Of significance, the Magistrate Judge found that there is probable cause to believe that Defendant committed "an offense for which a maximum term of imprisonment of ten

---

[3] Doc. 17.
[4] Doc. 25, p. 8.
[5] Doc. 25, p. 8.

years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 951 et seq)."[6] Possession with intent to distribute cocaine, or specifically 21 U.S.C. § 841(a)(1) and (b)(1)(B), is an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. Consequently, under Title 18, U. S. C. § 3142(e)(3), there is a rebuttal presumption that no condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community.

As previously stated, the Indictment charges Defendant with three counts which if found guilty, would subject Defendant to a term of imprisonment of not less than five (5) years, nor more than forty (40) years. The Magistrate Judge considered the following factors in her decision: (1) the nature and circumstances of the offense; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed if the defendant were ordered released.

Finding that there was a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community, the burden shifted to Defendant to produce countervailing evidence that forms a basis for his contention that he will appear and will not pose a threat to the community. The Defendant is burdened only with producing rebutting evidence as the

---

[6] Defendant was also charged with using of carrying a firearm during commission of a drug trafficking crime under 18 U.S.C. § 924(c) which carries a term of imprisonment of not less than five (5) year nor more than life.

ultimate burden of persuasion remains with the Government. *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989).

Then the burden shifts back to the Government to prove risk of flight by a preponderance of the evidence or dangerousness by clear and convincing evidence. 18 U.S.C. § § 3142(e)-(f). If the Government fails to carry its burden, the court must order the defendant's pretrial release subject to the least restrictive condition or combination of conditions that will reasonably assure the appearance of the defendant as required ad the safety of any other person and the community.

Defendant offered the testimony of his girlfriend, Rebekah Jessie, and his brother and employer, Frank Colby Singleton. Both offered to act as third-party custodians for Defendant. The Magistrate Judge found that neither party was truthful with the court about important facts surrounding Defendant's work and pay, nor did they show concern about the severity of Defendant's charges.

The Magistrate Judge relied on the testimony of FBI Task Force Aaron Lemoine, who had been investigating drug activity in the area for at least two (2) years prior to Defendant's arrest. The consensual search of Defendant's vehicle uncovered a weapon and approximately 1 kilogram of cocaine. Mr. Lemoine testified that Defendant had been a target of an investigation and was believed to be a drug carrier supplying drugs to South and Central Louisiana. Based on wire-tapped conversations, Defendant was considered by investigators to be at the top tier of the drug operation under investigation trafficking narcotics (cocaine and methamphetamine) from Houston to Louisiana. The Magistrate Judge determined that she knew of no condition or combination of conditions to impose

that could reasonably protect the public from Defendant's continued drug trafficking pending trial.

The Government argues that Defendant has failed to present any facts to rebut the presumption that he could continue trafficking drugs. The Government notes that Defendant's evidence to rebut the presumption, was to live with the same person he was living with while allegedly trafficking drugs, or the same person he was working with while he was trafficking drugs.

Defendant's brother, Frank Singleton, testified that Defendant traveled everywhere with him, except on a trip to Mexico. Ms. Jesse, Defendant's girlfriend of 18 years, was not truthful about Defendant receiving his wages by regular paycheck.[7] The Governments notes the serious concerns Magistrate Judge Kay had regarding Defendant's truthfulness about his assets and his history of substance abuse.

Defendant, through counsel, relies on the pretrial services report, which recommended Defendant's release, as well as the absence of a criminal record. Defendant remarks that Officer Lemoine was not the officer who stopped Defendant and was not at the scene of the stop. Defendant complains of the Magistrate Judge's inquiry into Defendant's assets, including money in his bank account and ownership of unencumbered real assets. It appears that Defendant argues that this was an inappropriate line of questioning considering Defendant has not claimed an indigent status.

---

[7] Doc. 25, p. 4. Defendant's brother testified that Ms. Jesse's statement was incorrect, and yet could not explain whether his company complied with federal and state laws on withholding taxes from wages.

Defendant also complains that the Magistrate Judge took the matter of detention under advisement and asked Defendant to produce records to explain the source of the money in his bank account.[8] Thereafter, it appears that Defendant produced some records to the Magistrate Judge, and after considering same, the Magistrate Judge ordered detention.

Defendant argues that he has clearly rebutted the presumption, and the Government has not proven, by clear and convincing evidence, that there are no reasonable conditions of release that will assure his presence and the safety of the community.  Defendant relies on the pretrial services report, which was introduced into evidence at the detention hearing, noting that it recommended release due to Defendant's lack of criminal record, strong family ties, and current employment by Defendant's brother.

The Government notes that when the probation office made its recommendation, it relied only on the brief affidavit, which supported the original Complaint.  However, the Magistrate Judge's ruling was made with a more complete picture and understanding of Defendant's role in the alleged drug trafficking scheme. That information and understanding came from Agent Lemoine's testimony at the detention hearing. Information that the probation officer did not have included: (1) wire-tapped conversations of Defendant, which verified that Defendant was in fact trafficking narcotics in South Louisiana; (2) wire-tapped conversations which indicated that Defendant, who lives in

---

[8] During the hearing, defense counsel informed Magistrate Judge Kay, that Defendant had been involved in several personal injury settlements.

Houston, Texas, trafficks in both cocaine and methamphetamine, and (3) the fact that Defendant carried a firearm, which is common for drug traffickers.

The Court finds that Defendant has failed to rebut the presumption and that Magistrate Judge Kay's reasoning, conclusion, and order for detention is upheld. Accordingly,

**IT IS ORDERED** that the Defendant's Motion to Revoke the Magistrate Judge's Recommendation for Defendant's Detention Pending His Trial (Doc. 30) is **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 12th day of December, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**